RECEIVED

AUG 1 3 2018

U.S. District Court
Eastern District of MO

Leatrice L. Little
7925 Martys Drive
St. Louis, Missouri  63123
In pro persona

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Leatrice L. Little, | ) |
|     Plaintiff, | ) |
| | ) Case No.: |
|     v. | ) |
| | ) **COMPLAINT FOR:** |
| Cape Girardeau, Missouri, | ) |
| Police  Department; and B.J. Lincecum, | ) 1.   VIOLATION OF CONSTITUTIONAL |
| Police Hypnotist; and Bill McHughes, | )       RIGHTS |
| Detective, Defendants. | )        a) Fourth Amendment |
| | )        b) Fifth Amendment |
| | )        c) Sixth Amendment |
| | )        d) Eighth Amendment |
| | )        e) Fourteenth Amendment |
| | ) 2.   DEPRIVATION OF RIGHTS UNDER |
| | )       COLOR OF LAW, Title 18 U.S.C. Code |
| | )       242, Section 14141 |
| | ) 3.   CAUSING EMOTIONAL DISTRESS |

      1.     Plaintiff Leatrice L. Little (hereinafter "Plaintiff") makes these allegations against Defendants Cape Girardeau, Missouri, Police Department; and B.J. Lincecum Police Hypnotist; and Bill McHughes, Detective (hereinafter "Defendants").

Upon the Cape Girardeau Police Department raiding Plaintiff without probable cause at his place of employment on or about 9:00 a.m. December 11, 2011, and over twenty five (25) years after Plaintiff's release from prison under Federal Court orders, Plaintiff currently enjoys a seven year new statute of limitation from date Defendants raided or re-invaded Plaintiff's life. The Fourth Amendment protects against unreasonable search and seizure. The Defendants applied for a warrant based on illegally gained evidence. This evidence was ruled by the United States Supreme Court to have been illegally gained.

This whole case has been based on false and misleading evidence with the intent to harm and harass Plaintiff, and Defendants are civilly and criminally liable. The United States Supreme Court has already ruled that these actions against the Plaintiff are unconstitutional.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over all causes of action asserted herein.

3.      This Court has jurisdiction over the Defendants because the Defendants are Missouri residents.

4.      Venue is proper because the causes of action stated herein arose in this judicial district. Venue is further proper in this Court because:

      (a)      all the actions were performed in this state;

      (b)      Defendants reside in this state;

      (c)      Plaintiff is ignorant of all the names and capacities of Defendants, pleading general agency.

## COUNT 1.  VIOLATION OF CONSTITUTIONAL RIGHTS

Plaintiff wishes to exercise his First Amendment right under the United States Constitution to file grievance. It is unconstitutional to deny Plaintiff this privilege.

2

Plaintiff also asserts his Seventh Amendment right to have a civil case tried by jury at which time all of the evidence will be exposed as Plaintiff challenges the constitutionality of the abuses orchestrated against him by the Cape Girardeau Police Department.

Plaintiff also asserts his Ninth Amendment right that these constitutional rights are non-exhaustive.

The right of confrontation is one of the fundamental guarantees of life and liberty long deemed so essential for the due protection of life and liberty against judicial actions by provisions in the Constitution of the United States of America. Kirby v. United States, 174 U.S. 47, 55, 56 (1899).

These Defendants have abused the Plaintiff's rights to a point of ridicule and on a repeated basis. The Plaintiff's right to a fair trial has not been protected, and the hypnotic process used by the Defendants ruined any chance for the Plaintiff to confront his accusers, especially with the intentional and malicious destruction of the evidence by the Defendants.

In State v. Leatrice Little, at the criminal trial, Plaintiff was denied right to confront witness against him with the intentional destruction of tape recordings by the Defendant of the hypnotic session and even the use of hypnosis was a violation of this constitutional right. The victim's identification of Plaintiff in State v. Leatrice Little lacks credibility and was riddled with improper suggestions. Therefore, the Plaintiff could not prove to Court's satisfaction improper suggestions because the Court refused to provide expert counsel to assist Plaintiff because of lack of funds in the public defender's office.

Even today as Plaintiff seeks to hold the Defendants liable, all of Plaintiff's efforts are being thwarted by this Court by dismissing these grounds as frivolous. Mind you, a case which has already gone before the nine judges of the United States Supreme Court, who ruled in the Plaintiff's favor.

Hypnotically induced testimony is inadmissible testimony. Alsbach v. Bader, 700 SW2d 828 (Mo. 1985) (En Banc). The use of hypnosis to aid recall does not meet the requirements of the Frey test. Id. at 829 (citing Frey v. United States, 293 F. 1013 (D.C. cir. 1923).

The hypnotic evidence was the absolute only evidence the Defendant used to convict, and this evidence was proven to have been all fabricated and gained by police misconduct.

Denial of a state provided expert on hypnosis to assist an indigent defendant rendered the trial fundamentally unfair. Therefore, Plaintiff was denied due process of law and equal protection under the law. Stafford v. Love, 726 P. 2d 894 (Okla. 1986).

These constitutional violations of the Plaintiff's rights have cuffed and affected the Plaintiff's life for thirty eight (38) years now as this Plaintiff has fought this plot by the Defendants to ruin his life. By setting the Plaintiff free, the United States Supreme Court unraveled and confirmed this plot against the Plaintiff. That Court gave the Defendants an admonishment, a warning that the Defendants did not heed to.

An expert would have aided Plaintiff in defense and denial of such an expert would and did have a material impact on trial.

Any citizen is at an unfair disadvantage if he is unable because of poverty to parry by his own (expert) witness the thrusts of those against him. Reilly v. Berry, 250 N.Y. 456, 461, 166 N.E. 165, 167 (1929).

The admission of the witnesses' testimony identifying the Plaintiff as her assailant was so unreliable as to deny Plaintiff due process of law and deprived the Plaintiff of a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution in that:

- The identifying witnesses were hypnotized regarding the subject matter of their testimony in order to refresh their memory and to obtain a memory of the image of her assailant, although hypnosis is not accepted within the medical

4

professional as an accurate method of memory recall, thereby giving rise to a substantial likelihood of mistaken identification;

- The hypnotist, who was a police officer without medical training and/or experience, employed no safeguards with which to determine and/or prevent suggestiveness during the hypnotic sessions, in a context of a procedure (hypnosis) considered by the medical profession as a highly suggestive technique, thereby giving rise to a substantial likelihood of a mistaken identification;

- The pre-trial identification procedures used by the Cape Girardeau Police Department were so suggestive as to give rise to a substantial likelihood of mistaken identification, to wit: (1) the victim was shown a picture of Plaintiff prior to a second hypnosis; (2) the victim was shown several pictures prominently featuring Plaintiff subsequent to hypnosis but prior to a police line-up; (3) the police line-up was conducted in a manner so as to insure the identification of Plaintiff, hence, by using Plaintiff and gorilla photograph; and

- The victim's opportunity to view her assailant was so inadequate as to deprive her testimony in that regard of the necessary foundational reliability, and the testimony identifying Plaintiff was thereby so unreliable as to give rise to a substantial likelihood of mistaken identification.

The trial court denied Plaintiff equal protection of the law and effective assistance of counsel in denying Plaintiff's motion for appointment of a forensic hypnotist to assist Plaintiff in evaluating the state's hypnotically refreshed testimony and testifying with regard to the suggestiveness of the hypnotic technique in pre-trial motions to exclude the admission of eye-witness identifications which were hypnotically induced, and in cross-examining the "expert" hypnotist qualified by the state, in that Plaintiff was a poor person represented by the public defender's office (which did not have funds with which to secure the services of a forensic

5

hypnotist) and was unable to afford such services himself, thereby depriving Plaintiff of his rights secured by the equal protection clause of the Fourteenth Amendment.

The use of hypnosis to "refresh" the memory of the Cape Girardeau Police Department's eyewitnesses so alters a witness' demeanor and subjective confidence in his or her testimony such that the admission of such testimony substantially impaired petitioner's right to effectively cross-examine such witnesses, thereby depriving Plaintiff of his right to counsel and the right to confront the witnesses against him, secured by the Sixth Amendment to the United States Constitution.

The deliberate destruction of the audio record of the hypnotic sessions conducted by the Cape Girardeau Police Department, despite the Defendants' knowledge of their importance, so impaired the Plaintiff's ability to demonstrate actual suggestibility during the hypnotic sessions, thereby denying Plaintiff due process of law, secured by the due process clause of the Fourteenth Amendment, and the effective assistance of counsel, secured by the Sixth Amendment to the United States Constitution.

The trial court's refusal to instruct the jury on the issue of identification denied Plaintiff due process of law as secured by the Fourteenth Amendment to the United States Constitution.

The suggestive identification procedure in this case is the use of hypnosis to improve recall. In a criminal trial, procedural safeguards must be complied with. However, not one procedural safeguard was met by the Defendants and the intentional destruction of evidence in this case deprives Plaintiff of a means of attacking credibility of witnesses. Every procedural safeguard required by State v. Hurd, 423 A.2d 86 (N.J. 1981); State v. Hurd, 86 N.J. 525, 432 A.2d 86 (N.J. 1981) was violated by the Defendants. In light of this, the initial photographic identification of Plaintiff was a gross violation of his constitutional rights.

Because neither the experts nor the courts can unravel intertwined pre-hypnotic and post-hypnotic memories, any subsequent identification of Plaintiff was tainted to such an extent as to be constitutionally unreliable. Therefore, the use of hypnosis in identifying Plaintiff at trial violated Plaintiff's Fourteenth Amendment right to due process of law.

6

U.S. Supreme Court has held that a constitutional violation results in prejudicial error unless it was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 B.Ed. 2d 705 (1967). There is no doubt that the error in this case was not harmless.

Furthermore, the Courts refused to appoint an expert in hypnosis further violated Plaintiff's constitutional rights to due process of law because the only substantial issue at trial was identification.

The public defender's office, which represented Plaintiff at trial State v. Leatrice Little, did not have funds to hire an expert on behalf of the Plaintiff and the Court refused a motion by public defender to hire expert on behalf of Plaintiff. The impact of hypnosis on the Sixth Amendment right of confrontation raises the issue of the court's failure to instruct the jury on identification instruction which rises to the level of constitutional violation. Fairness of pre-identification and a testimony they produce are due process concerns. The identification procedure was so unduly suggestive that it undermined the reliability of the eyewitnesses' identification. Moore v. Illinois, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed. 2d 424 (1977). Neil v. Biggers, 409 U.S. 188 (1972).

It was unethical for the Defendants to request a warrant for Plaintiff's arrest on December 11, 2011, after twenty five (25) years of the Plaintiff being freed from prison and over thirty one (31) years from the onset of the case. This arrest warrant was issued based on grounds of false and fabricated evidence, making the warrant frivolous and without probable cause.

The Plaintiff should expect to enjoy a reasonable right to privacy. However, that privilege has been violated by the Defendants without probable cause. These Defendants are repeat offenders towards this Plaintiff. These Defendants should not be immune from being held accountable.

## COUNT 2. DEPRIVATION OF RIGHTS UNDER COLOR OF LAW,
## Title 18 U.S.C. Code 242, Section 14141

It is unlawful for law enforcement agencies to allow officers to engage in a pattern or practice of conduct that deprives persons of rights protected by the Constitution or law of the United States referred to as the police misconduct statute. Records will show that the Cape Girardeau Police Department has violated every rule of law.

The lack of or improper training of officers B.J. Lincecum and Bill McHughes resulted in the false arrest of Plaintiff and therefore deprived Plaintiff's rights with oppressive threats and intimidation and the use of fabricated evidence with the use of the photographic lineup using the Plaintiff and the gorilla photograph as a means of identification. By using the photograph of Plaintiff and the gorilla, the witnesses were coached into picking Plaintiff out of an initial photographic lineup, with the only other alternative being the gorilla.

A psychiatrist or psychologist must conduct the hypnotic session according to law. In the case of State v. Leatrice Little, the hypnotic session was conducted by a police officer who had attended one hypnosis seminar. The hypnotist must be independent of the parties. In this instance, that was surely not the case. Any information given to hypnotist must be recorded. In this case, all evidence was intentionally destroyed by the Defendants as they clumsily tried to cover up their misconduct. A detailed recorded description of facts prior to hypnotic session should be kept. Obviously, that recording was not kept here. All contact between hypnotists and subject must be recorded. That recording was destroyed by Defendant. Only the hypnotist and the subject should be present during session. Many others were present during these hypnotic sessions conducted by the Cape Girardeau Police Department. Frey v. United States, 293 F. 1013 (D.C. cir. 1923).

The hypnotic session shall be conducted by an impartially licensed psychiatrist or psychologist trained in the use of hypnosis and thus aware of its possible effects on memory so as to aid in the prevention of improper suggestions and confabulation. Frey.

8

The admission of identification testimony of a witness who has been hypnotized prior to trial regarding the subject matter covered during the hypnotic session was so unreliable as to violate Plaintiff's rights to due process of law.

The hypnotic process so altered a witness' demeanor and subjective confidence in his/her testimony such that the admission of hypnotically refreshed testimony substantially impairs the right of cross-examination and confrontation secured by the confrontation clause of the Sixth Amendment. The deliberate destruction of the audio recording of the hypnotic session so impaired Plaintiff's ability to demonstrate actual suggestibility so as to deny the Plaintiff's due process of law and assistance of counsel.

All of the evidence in this case involved hypnotic and fabricated material presented into Court by an out-of-control police department. Even thirty one (31) years after being freed from prison by the Court, the Defendants have waged a battle against a Plaintiff not respecting the Court's ruling and further retarding Plaintiff's life with malice and defamation. Plaintiff has only accumulated the records and the evidence, the Cape Girardeau Police Department has made all of them.

## COUNT 3.
## CAUSING EMOTIONAL DISTRESS

This Plaintiff has been defamated and slandered by the Defendants. This pattern of abuse of Plaintiff's constitutional rights must be challenged. The emotional distress caused by the Defendants has been detrimental and recorded by at least a dozen physicians. Plaintiff should have an opportunity to present these physicians as witnesses and this exercise will be presented during a trial.

## CLOSING STATEMENT

With the unconstitutional civil rights violations resulting in Plaintiff serving 6.3 years in prison, and being freed from prison by federal court orders, then having Defendant re-enter Plaintiff's life 31 years later on these false charges, resulting in unprecedented defamation and

9

slander and all based on the Cape Girardeau Police Department's fabricated evidence, has caused the Plaintiff severe emotional distress to a point of constitutional violations. This is a case of unprecedented proportion which will result in unprecedented actions. The dangers of hypnosis have been enumerated by the medical profession, the legal scholars and virtually every court which has had the opportunity of considering the issue. It substantially affects the reliability of the pseudomemory thereafter created and denigrates, through its effect upon subjective confidence, the right of a defendant to confront the witnesses against him. It was fundamentally unfair for Missouri to place the burden of proving any detrimental effect of hypnosis upon Plaintiff and simultaneously sanction the destruction of the tapes and the denial of expert assistance. It was fundamentally unfair to leave the jury without a specific instruction drawing their attention to defense of misidentification.

It was without cause that Plaintiff was aroused at his place of employment and over 30 years later and based on evidence which the Courts had already ruled unconstitutional therefore, the warrant issued for Plaintiff's arrest on December 11, 2011 was frivolous and without probable cause.

Even though the warrant against Plaintiff, issued on December 11, 2011, resulted in no mischievous conduct on the part of Plaintiff, the result for the Cape Girardeau Police Department was effective in causing Plaintiff severe emotional distress and embarrassment.

More emotionally disturbing was the verbal threats of the Cape Girardeau Police Department as the Defendants bullied the Plaintiff with its frivolous charges and its frivolous warrant. This Plaintiff has been denied employment and publicly ridiculed because of the conduct of the Defendants. The role the Defendants has played in the life of this Plaintiff has been malicious, harmful and far reaching.

Plaintiff is presenting before this Court new evidence that because of the Post-Traumatic Stress Disorder set on resulting from the meddling into Plaintiff's life by the Defendants, a statute of limitation should not start until after Plaintiff has been cured of the diagnosis that caused the ailment, and caused by the Defendants. Plaintiff's physicians will make that point in such a said trial.

The Defendants have grossly violated and abused Plaintiff's civil, fundamental and natural rights. The Bill of Rights provides for protection against cruel and unusual punishment and they provide for the right to pursue happiness without harassment. The Defendants have taken these privileges away from Plaintiff, and the Defendants have no legal or moral authority to do so.

Protection against unreasonable searches and seizures has been violated. The Defendants had already been admonished by the United States Supreme Court for its misconduct against the Plaintiff. Yet, the Defendants disregarded this admonishment and repeated this abusive conduct against the Plaintiff, by applying for an arrest warrant on frivolous charges and evidence that was not only unlawful and illegally gained evidence, but the Defendants had been told this by the highest court in the land. What's even more amazing is that this warrant issued on December 11, 2011, was issued simply because the Cape Girardeau Police Department requested it without question or probable cause.

Constitutionally, under the First Amendment, Plaintiff has a right to file grievance. Under the Seventh Amendment, Plaintiff has a right to a civil trial by jury. The Ninth Amendment provides that Plaintiff's rights under the Constitution are non-exhaustive.

For a police department to create false evidence and cause a conviction only to have the conviction overturned at a later date, then for the police to continue tormenting and threatening the man forever by seeking warrants based upon the grounds which the case was reversed upon is not only unfair, it is fundamentally unconstitutional. To seek an arrest warrant based on the grounds already ruled upon by the Courts as unconstitutional makes that warrant issued on December 11, 2011 frivolous and without probable cause and is nothing more than harassment and the Defendants are liable. Plaintiff should not have to live under these pressure and bullying tactics implemented upon him by the Defendant with its oppressive and humiliating behavior which has no grounds for cause, yet they have been allowed to go on all based on fabricated evidence and improper police conduct. This evidence was proven illegally gained through our court system, yet Defendants are allowed to re-enter Plaintiff's life forever, claiming that Plaintiff only "got off on a technicality".

Today, Plaintiff seeks redress under his constitutional rights as a citizen who has committed no crime, but has been falsely sentenced and treated criminally now for over thirty eight (38) years.

For thirty eight (38) years now, this Plaintiff has battled a police department who is using fabricated evidence against him and who is funded and backed by state funds.  This Plaintiff's poverty prevents him from obtaining expert counsel to counter the horrendous charges against him and this Plaintiff is asking the Court to provide him competent counsel.  Reilly v. Berry.

If Defendant can enter Plaintiff's life any time, simply by requesting a warrant based on these horrifying and false allegations, then Plaintiff is entitled redress under the laws and constitution of the United States of America.

The purpose of the government is to secure and to protect the rights of its citizens.  In this case, we have a gross violation.  These Defendants are the sole reason the Plaintiff's rights have been violated, and these violations are a direct result of the Defendants' fabricated evidence and police misconduct unleashed on this Plaintiff.

## PRAYER FOR RELIEF

The Defendants have abused and taken liberties with the Plaintiff's life in open and civil contempt.  It is the job of this Court to bring the Defendants' conduct into alignment.  In light of the unprecedented pressure applied by Defendant with its defamating and slander causing emotional distress, I seek $6.3 billion in damages from the Defendants.

I declare this Complaint to be true under penalty of perjury.

This is the compilation of the information that has been gathered from various parts of the lawsuit.

Leatrice L. Little

Leatrice L. Little

_____

Printed name

_____

Signature

Dated:

8-13-2018

13