UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| LEATRICE L. LITTLE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:18-CV-202 AGF |
|  | ) |  |
| CAPE GIRARDEAU POLICE DEPARTMENT, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the court upon the motion of plaintiff Leatrice L. Little for leave to proceed herein in forma pauperis. The Court has reviewed the financial information submitted in support, and will grant the motion. The Court will also dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

However, this does not mean that pro se complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Background**

In 1981, plaintiff was convicted of first-degree burglary and forcible rape. *Missouri v. Little*, 674 S.W.2d 541 (Mo. banc 1984). He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was granted by the Court of Appeals for the Eighth Circuit in 1987. *Little v. Armontrout*, 835 F.2d 1240 (8th Cir. 1987). The Court of Appeals held that the admission of the victim's post-hypnotic identification testimony violated plaintiff's right to due process. *Id.*

On August 13, 2015, plaintiff filed a pro se complaint in this Court alleging violations of his civil rights. *Little v. Cape Girardeau Police Dept.*, No. 4:15-CV-1237 DDN (E.D.Mo). There, plaintiff sued the Cape Girardeau Police Department, the Brentwood Police Department, and the State of Missouri for harassment by police officers, seeking $6.3 billion in damages. *Id.* Plaintiff alleged that police officers, apparently investigating a rape, visited him at his place of employment on December 11, 2011. *Id.* Plaintiff alleged that the officers yelled at him and stated that he had gotten off on a technicality. *Id.* Plaintiff alleged that he suffered mental and

2

emotional pain and damage to his reputation. *Little*, No. 4:15-CV-1237 DDN (E.D.Mo.). Plaintiff's complaint was dismissed as legally frivolous. *Id.*

Plaintiff filed a second civil rights action in this Court on December 12, 2016. *See Little v. Cape Girardeau Police Dept.,* No. 1:16-CV-285 RLW (E.D.Mo). Plaintiff alleged that he had been denied due process during his trial and that he had been subject to false arrest due to improper training by the arresting officers. Plaintiff further alleged that his character had been defamed. The action was dismissed as frivolous as legally frivolous on February 2, 2017. *Id.*

## The Complaint

Plaintiff filed the instant three-count complaint on August 13, 2018. Named as defendants are the Cape Girardeau Police Department, Police Hypnotist B.J. Lincecum, and Detective Bill McHughes.

In Count I, titled "Violation of Constitutional Rights," plaintiff alleges that: he was denied the right to confront witnesses during his state trial; the victim's identification of plaintiff lacked credibility; hypnotically-induced testimony is inadmissible; he was improperly denied a state-provided expert; the trial court wrongfully admitted witness testimony identifying plaintiff as the assailant; the trial court improperly denied his motion for the appointment of a forensic hypnotist; hypnosis was improperly used to refresh witness memories; the audio recording of the hypnotic sessions conducted by the state were wrongfully destroyed; the identification procedure was suggestive in that hypnosis was used; and he was effectively denied counsel.

In Count 2, titled "Deprivation of Rights under Color of Law, Title 18 U.S.C. Code 242, Section 14141," plaintiff alleges that he was falsely arrested due to the lack of (or improper) training of Lincecum and McHughes. Plaintiff also alleges that the police lineups were

3

improperly suggestive, that Lincecum should not have been allowed to conduct hypnotic sessions, that recordings of such sessions were improperly destroyed, and that identification testimony was improperly admitted.

Count 3 is titled "Causing Emotional Distress." In support of these counts, plaintiff alleges that he has been defamed and slandered. He asserts that his emotional distress has been caused by defendants and has been "recorded by at least a dozen physicians."

Plaintiff includes a section titled "Closing Statement" that provides as follows:

> With the unconstitutional violations resulting in Plaintiff serving 6.3 years in prison, then having Defendant re-enter Plaintiff's life 31 years later, resulting in unprecedented defamation and slander and has caused severe emotional distress to a point of constitutional violations. This is a case of unprecedented proportion which will result in unprecedented actions. The dangers of hypnosis have been enumerated by the medical profession, the legal scholars and virtually every court which has had the opportunity of considering the issue. It substantially affects the reliability of the pseudomemory thereafter created and denigrates, through its effect upon subjective confidence, the right of a defendant to confront the witnesses against him. It was fundamentally unfair for Missouri to place the burden of proving any detrimental effect of hypnosis upon Plaintiff and simultaneously sanction the destruction of the tapes and the denial of expert assistance. It was fundamentally unfair to leave the jury without a specific instruction drawing their attention to defense misidentification.
>
> . . .
>
> For a police department to create evidence and cause a conviction only to have the conviction overturned at a later date, then for the police to continue tormenting and threatening the man forever by seeking warrants based upon the grounds which the case was reversed upon is fundamentally unconstitutional. Plaintiff should not have to live under these pressure and bullying tactics implemented upon him by the Defendant with its oppressive and humiliating behavior which has no grounds for cause, yet they have been allowed to go on all based on fabricated evidence and improper conduct. This evidence was proven illegally gained, yet Defendant is allowed to re-enter Plaintiff's life forever, claiming that Plaintiff only "got off on a technicality."
>
> Today, Plaintiff seeks redress under his constitutional rights as a citizen who has committed no crime, but has been falsely sentenced and treated criminally now

4

for over thirty eight (38) years.

For his prayer for relief, plaintiff asks the Court to order defendants to pay plaintiff in relief the amount of 6.3 billion dollars.

## Discussion

The complaint will be dismissed as to the Cape Girardeau Police Department because, as a department or subdivision of City government, it is not suable, meaning it is not subject to a lawsuit under federal law. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *see also Ballard v. Missouri*, No. 4:13CV528 JAR, 2013 WL 1720966, at *3 (E.D. Mo. April 22, 2013) (dismissing as legally frivolous claims against several departments of local government, noting that they were not juridical entities suable as such); *Wallace v. St. Louis City Justice Ctr.*, No. 4:12CV2291 JAR, 2013 WL 3773971, at *2 (E.D. Mo. July 17, 2013) (dismissing claims against the St. Louis City Justice Center because, as a department or subdivision of local government, it is not a suable entity).

The complaint will also be dismissed as to Police Hypnotist Lincecum and Detective McHughes because it is clear that it is barred by the five-year Missouri statute of limitations. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run.").

Plaintiff's complaint arises under 42 U.S.C. § 1983. Because § 1983 provides no period of limitation, the controlling limitation period is the most appropriate period provided by state law. *Buford v. Tremayne*, 747 F.2d 445, 447-48 (8th Cir. 1984) (*citing Johnson v. Railway*

5

*Express Agency*, 421 U.S. 454, 462 (1975), *Foster v. Armontrout*, 729 F.2d 583, 584 (8th Cir. 1984)). Section 1983 actions should be characterized as personal injury claims for the purpose of applying the appropriate statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Missouri law provides a five-year limitations period for personal injury actions. Mo. Rev. Stat. 516.120(4) (2000). This Court will therefore apply Missouri's five-year statute of limitations to the instant cause of action.

Having carefully reviewed all of the facts alleged in the complaint and afforded the complaint the benefit of a liberal construction, the Court concludes that no cause of action is maintainable against Lincecum or McHughes. The only claims of constitutional dimension that are presented with any specificity occurred at the time of plaintiff's arrest and prosecution, more than 38 years ago. Such claims are therefore barred by Missouri's five-year statute of limitations.

The "Closing Statement" portion of the complaint states that "Defendant" re-entered plaintiff's life "31 years later;" that police have tormented and threatened him "forever" by seeking warrants; and that "Defendant" is allowed to re-enter plaintiff's life "forever" claiming he "got off on a technicality." However, these statements are merely conclusory and speculative. Plaintiff does not identify the defendant he is referring to, he does not state when such defendant re-entered his life, and he does not describe with any specificity what happened and what harm resulted. This Court will not assume facts that are not alleged simply because doing so would form a stronger complaint. *Stone*, 364 F.3d at 914-15. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin*, 623 F.2d at 1286.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of March, 2019.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE